(65 App. Div. 54.)

GREEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. STREET RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—
SUFFICIENCY.

In an action for injuries sustained by being run over by defendant's
street car it appeared that the plaintiff was struck probably through his
own contributory negligence, but there was evidence that after plain-
tiff was struck, and before he was run over, his body was resting against
the fender of the car, that the car traveled nearly 100 feet before it
stopped, that it could have been stopped within 30 or 35 feet, and
that by reason of the jolting of the car in its progress the plaintiff
was thrown from the fender, and run over. *Held*, that the evidence
was sufficient to sustain a verdict in favor of plaintiff.

2 EVIDENCE—PRIVILEGED COMMUNICATIONS—STATEMENTS TO PHYSICIAN — STAT-
UTES.

Code Civ. Proc. § 834, provides that a physician shall not be allowed to
disclose any information acquired in attending a patient in a profes-
sional capacity, and which was necessary to enable him to act in that
capacity. *Held* that, in an action for personal injuries, statements by
plaintiff in answer to questions of the physician of the hospital to which
he was conveyed as to the manner in which the accident happened were
privileged, where, under the rules of the hospital, it was the physician's
duty to obtain such a statement.

Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by William Green, an infant, by Edward J. Green, his
guardian ad litem, against the Metropolitan Street Railway Com-
pany. From a judgment in favor of plaintiff, and from an order de-
nying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, IN-
GRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Wm. M. K. Olcott, for respondent.

PATTERSON, J. This action has been tried three times. The
first trial resulted in a disagreement of the jury, and the second in a
dismissal of the complaint. On appeal (70 N. Y. Supp. 123) we
reversed the judgment entered upon the dismissal of the complaint,
and upon the third trial a verdict was found for the plaintiff. From
the judgment entered upon that verdict, and from an order denying
a motion for a new trial, this appeal is taken.

Upon the merits of the case, we are not able to find any substan-
tial difference in the record now before us and that under considera-
tion on the former appeal in the evidence given to sustain the plain-
tiff's contention on the subject of the defendant's negligence. On
the second trial, as upon the one now under review, it was shown
that the plaintiff sustained injuries by being run over by a cable car
operated by the defendant. It also appears now, as it did then, that
the plaintiff was struck by the car probably through his own con-
tributory negligence; but there is also evidence tending to show that
after the plaintiff was struck, and before he was run over, his body
was resting against or upon the fender of the car; that the car trav-

eled a distance estimated at nearly 100 feet before it stopped; that it could have been stopped within 25 or 35 feet; and that by reason of the jolting of the car in its progress the plaintiff was thrown from the fender, and run over. The testimony on behalf of the plaintiff on this subject of the distance traversed by the car after its first contact with the plaintiff is flatly contradicted, but upon that conflict of evidence the jury, under proper instructions, have found for the plaintiff. There is undoubtedly evidence to support the verdict, and under the rule of law as laid down on the former appeal (Green v. Railway Co., 42 App. Div. 160, 58 N. Y. Supp. 1039) the judgment entered upon the verdict should stand. It cannot be said that there is no evidence to support the verdict, or that the account of the accident as given by the plaintiff involves an impossibility. It is true that the construction of the car and the situation of the fender would render it seemingly unlikely that, after being struck, the plaintiff's body could have been caught upon this fender, and remain there for any length of time; but the evidence is that such was the fact, and, although such a thing may never have occurred before within the experience of any one connected with the road, nevertheless it cannot be pronounced impossible, in view of the evidence appearing in the record. The effect of the decision of this court on the former appeal is that it was negligence on the part of the defendant's motorman to allow the car to run a distance of 100 feet after the boy was struck; and we do not find, upon an examination of the whole case, that the decision on the previous appeal, upon the facts as they then appeared, is in conflict with what was held in Bittner v. Railway Co., 153 N. Y. 76, 46 N. E. 1044, 60 Am. St. Rep. 588, as to negligence consisting in the failure of the motorman to stop the car in less than a distance of 100 feet from the place at which the plaintiff was first struck.

There is an exception in the case which requires consideration. Dr. Moorhead, an ambulance surgeon, was called as a witness by the defendant. He was connected with the J. Hood Wright Hospital, and on the night of the occurrence of the accident to this plaintiff he responded to an ambulance call, and took the plaintiff in an ambulance to the hospital. He testified that he had several conversations with the plaintiff, who was perfectly conscious, and answered all his questions rationally. He inquired of the plaintiff how the accident occurred. The defendant's counsel asked the witness to state what the plaintiff said, if anything, as to how the accident happened. This was objected to on the grounds that it was a professional communication, that the witness was a physician and surgeon of the hospital, and it was in the line of his duty to make these inquiries. The objection was sustained, and the defendant excepted. It is now claimed that this ruling was erroneous. Section 834 of the Code of Civil Procedure provides that a person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity. We think this evidence was properly excluded. In determining its admissibility, the burden was, doubtless, upon the plaintiff

to show that the evidence was privileged. People v. Koener, 154 N. Y. 355, 48 N. E. 730. It may not have been necessary that the surgeon, in order to treat the plaintiff, should obtain the information as to how the accident occurred; and it may well be said, from a medical standpoint, that it was not necessary for the surgeon to be informed of the details of the accident, but that information was necessary, upon the witness' own statement, to enable him to do some act as a surgeon, namely, to comply with the requirements of the hospital that he should ascertain how the accident occurred, in order that he might enter a history of the case upon the books of the hospital. The information he obtained from the plaintiff was distinctly for the purpose of making a hospital record. The witness said: "It was my duty, as surgeon, to take statements for the purpose of prescribing for patients, and giving them aid, and having it entered in the books of the institution. The rules of the J. Hood Wright Hospital require us to ask questions for the purpose of putting them on the books of the hospital, to find out how the accident occurred,—the circumstances; and I report them, and they are entered on the records of the institution." This evidence was, therefore, seeking to elicit information acquired in the line of his duty, and to fulfill an obligation which devolved upon him in the line of his duty; and whatever may have been said by the plaintiff, therefore, cannot be regarded as a voluntary statement. Under such circumstances, whatever the plaintiff may have said concerning the manner in which the accident happened cannot be regarded as other than a privileged communication, being made, as it was, to enable the surgeon to discharge his professional duty in connection with a hospital case.

The other exceptions do not require consideration.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., concurs. LAUGHLIN, J., concurs in result..

INGRAHAM, J. I do not concur in the affirmance of this judgment. It is conceded that the plaintiff's negligence contributed to the accident by which the plaintiff was struck by the defendant's car; but it is claimed that, as the accident to which the plaintiff contributed culminated in landing him upon the fender of the car, from that moment a new relation existed between the parties, and any act or omission on the part of the defendant amounting to a lack of the care demanded by the situation, which resulted in injury to the plaintiff, is sufficient to charge the company with negligence. And that was the ground upon which the judgment was reversed on the former appeal. But an examination of the testimony upon this trial fails to show that after the accident which resulted in thus placing the plaintiff upon the fender either the gripman of the car or any employé of the defendant had knowledge of the situation of the plaintiff upon the fender, or of any fact from which they could infer that the plaintiff was then in a position of danger. The fender upon which the plaintiff is alleged to have been caught after the car struck him

was well under the car, back of the position occupied by the motor-man, and there was nothing to show that the motorman had any reason to suppose that the plaintiff was in that position.　Upon the former appeal it was treated as though there was a fender in front of the car, and in front of the motorman, where he could have seen the plaintiff, and where it would have been his duty at once to stop the car.　It now appears that the fender upon which the plaintiff alleges he was caught was under the body of the car, and in such a position that no one on the car could have seen that he had been caught in that position.　To make the defendant guilty of negligence, it must appear that those charged with the control of the car failed to exercise the care imposed upon them by the situation; and, in the absence of any knowledge by the defendant's employés that the plaintiff, after being struck by the car, was in a position from which a subsequent injury could be anticipated, I do not see that any negligence could be imputed to the defendant.

I think the judgment should be reversed.